State *vs.* Hall.

## No. 7644.

## No. 6980.

### THE STATE VS. RICHARD HALL.

The plea of prescription to an indictment is rebutted by the averment therein that the offence has never before been brought to the attention of any public officer, because that includes necessarily that the indictment was found within one year next after the offence was made known to a public officer having power to investigate it.

APPEAL from the District Court for Grant.    BLACKMAN, J.

The Attorney-General for the State.    *Daigre* for Defendant.

SPENCER, J.    The defendant was convicted of larceny and sentenced to hard labor.

He appeals and pleads prescription in this court.    The indictment, after charging the theft, proceeds " and the jurors further present that this offence has never before been brought to the attention of any public officer, that no complaint has been made before this court and no warrants issued."

The crime is charged to have been committed first of February, 1876, and the indictment was preferred July, 1877.

The appellant rests his case upon the sole ground that the language used " does not negative the fact that prescription had accrued."

The statute says the prosecution shall be barred unless the " indictment " be found or exhibited within one year next after the offence shall have been made known to a public officer having the power to direct the investigation or prosecution."

Now the question is whether the State, by proving that " the offence has never *before* been brought to the attention of *any public officer*," would take it out of prescription.

We think that if the offence *has never before the finding of the indictment in this case, been brought to the attention* of *any* public officer, it is true to say that it was found " within one year next after the offence was made known to a public officer having the power to direct the investigation."

The greater includes the less. If *no public officer* knew of the offence, then *no public officer having power to investigate,* knew it.

*Judgment affirmed.*